UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-62904-BLOOM/Reid

ARNOLD MICHAEL GAYLE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Movant Arnold Michael Gayle's ("Movant") Amended Motion to Vacate pursuant to 28 U.S.C. § 2255, ECF No. [7] ("Motion"), filed on December 10, 2019. The Government filed a response in opposition, ECF No. [11] ("Response"), to which Movant filed a reply, ECF No. [12] ("Reply"). The Court has considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.**    **BACKGROUND**

Movant is a native and citizen of Jamaica. *See* 19-cr-60065-BB, CR ECF No. [20] at 1.[1] In August 2008, Movant applied for a visitor's visa in Kingston, Jamaica to travel to the United States, but the visa application was denied. According to United States immigration records, there is no record that Movant entered the United States legally or that he has lawful status in the United States.

---

[1] Unless otherwise noted, the facts presented in the Background section are taken from Movant's factual proffer, CR ECF No. [20]. For ease of reference, citations to Movant's criminal docket will be referred to with "CR ECF No." Citation to the docket in this action will use "ECF No."

On June 6, 2017, Movant applied for a driver license at the Department of Highway Safety and Motor Vehicles office in Miami-Dade County, Florida. Movant's license application falsely stated his name was "D.J." and that his date of birth was in 1979. Additionally, Movant submitted a birth certificate from the State of Illinois as proof of his United States citizenship. Movant was issued a Florida driver license in the name of "D.J." reflecting a date of birth in 1979. Movant was born in 1984.

On February 21, 2018, a United States citizen named D.J. with a date of birth in 1979 and an address in Chicago, Illinois, renewed his Illinois driver license. The photograph on D.J.'s driver license did not match the photograph on the Florida driver license issued to Movant the previous year. D.J. (in Illinois) stated that he did not give his personal identification or documents to Movant. Movant was soonafter arrested. While performing a search, officers found Movant's wallet containing a driver license with his photograph, the name of "D.J.," and a date of birth in 1979. Inside Movant's apartment, the officers found a Social Security card and an electricity bill in the name of "D.J." Additionally, officers recovered an assortment of firearms, magazines, and ammunition, including four semi-automatic pistols.

On April 17, 2019, Movant pleaded guilty to two counts of a three-count indictment: aggravated identity theft in violation of 18 U.S.C. § 1015(e) (Count 2) and possession of a firearm and ammunition by an illegal alien in violation of § 922(g)(5)(A) (Count 3). CR ECF No. [21] at 1. On July 3, 2019, he was sentenced Movant to 61 months' imprisonment—24 months as to Count 2 and 37 months as to Count 3—to be served consecutively. CR ECF No. [27]. Movant did not file an appeal.

On June 21, 2019, the United States Supreme Court decided the case of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held that to prosecute a defendant for

possession of a firearm by a restricted person in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove both that a defendant knew he possessed a firearm and that he knew he was within a category of persons barred from possessing a firearm. *Rehaif*, 139 S. Ct. at 2194, 2194. 18 U.S.C. § 922(g)(5)(A) prohibits any person who is illegally or unlawfully in the United States to possess firearms. 18 U.S.C. § 924(a)(2) provides that anyone who knowingly violates § 922(g) shall be fined or imprisoned for up to ten years, or both.

On November 22, 2019, Movant filed his initial motion to vacate his sentence and conviction as to Count 3 in light of *Rehaif*. ECF No. [1]; *see* 28 U.S.C. § 2255(f). He was instructed to file an amended § 2255 motion to correct certain pleading deficiencies, ECF No. [5], and on December 10, 2019, Movant filed the instant Motion. ECF No. [7]. The Motion contends that Movant's conviction of Count 3 for violating 18 U.S.C. § 922(g)(5)(A) should be vacated pursuant to *Rehaif*. *Id.* at 5.  Movant maintains that the Government failed to prove all of the elements of the offense and his conviction is, therefore, unlawful. *Id.* In particular, Movant claims that the Government failed to charge and prove that he knew he belonged to a relevant category of persons restricted from possessing a firearm—in this case, as an alien unlawfully present in the United States. *Id.*; *see* 18 U.S.C. § 922(g)(5)(A). Movant argues that *Rehaif* is retroactively applicable to his case. ECF No. [7] at 5, 12.

The Government responds that Movant's claim is procedurally deficient and substantively without merit. ECF No. [11] at 2. Specifically, the Government contends that Movant's claim is procedurally barred because he did not maintain a knowledge-of-status objection in his criminal proceedings or on direct appeal. *Id.* at 3. As such, a claim that is not raised on appeal generally cannot be raised on collateral review and, as such, is procedurally defaulted. *Id.* (citing *Massaro* v. *United States*, 538 U.S. 500, 504 (2003); *Murray v. Carrier*, 477 U.S. 478, 490-492 (1986)).

The Government asserts that to overcome a procedural default, Movant must show cause and prejudice, or that he is actually innocent. *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1988)). A defendant may show cause when his claim "is so novel that its legal basis is not reasonably available to counsel." *Id.* (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). However, the Government argues that the issue presented in *Rehaif* has been litigated in courts over the past three decades and, as such, the novelty exception does not apply. *Id.* at 3-4.

The Government next contends that Movant cannot show "actual innocence." *Id.* at 4. The Government notes that *Rehaif* requires the Government to prove that Movant knew he belonged to a category of persons prohibited from possessing firearms pursuant to § 922(g), specifically that he was unlawfully present in the United States pursuant to § 922(g)(5)(A). *Id.* However, the facts presented within the factual proffer as well as Movant's change of plea provide ample evidence to establish that Movant knew he was an illegal alien unlawfully present in the United States at the time he possessed the firearms. *Id.* at 5.

Finally, the Government maintains that if Movant had not procedurally defaulted on his claim, he would have to establish error on collateral review. *Id.* (*citing In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016)). He could do so by establishing "substantial or injurious effect" on the outcome of his criminal proceedings. *Id.* at 6 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). However, the Government contends that, based on the evidence, the Court could have inferred that Movant knew of his status at the time of his firearm possession. *Id.*

Movant replies that Count 3 of his conviction should be vacated in light of *Rehaif* because an element of the offense was not charged or proven beyond a reasonable doubt. ECF No. [12]. The Motion, accordingly, is ripe for consideration.

## II. LEGAL STANDARD

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on a final judgment, pursuant to 28 U.S.C. § 2255, are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). Thus, relief under § 2255 is reserved for transgressions of constitutional rights, and for that narrow category of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *United States v. Frady*, 456 U.S. 152, 165 (1982). If a court finds a claim under § 2255 valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner, grant a new trial, or correct the sentence." 28 U.S.C. § 2255. The burden of proof is on the movant, not the government, to establish that vacatur of the conviction or sentence is required. *Beeman v. United States*, 871 F.3d 1215, 1221-1222 (11th Cir. 2017).

## III. DISCUSSION

In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must prove that the defendant both knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 139 S. Ct. 2191 (2019). Here, Movant argues that *Rehaif* requires that his conviction be vacated, because the indictment failed to charge an essential element of his offense—that Movant knew he was unlawfully within the United States. *See* ECF No. [7]. Accordingly, the Motion and the parties' briefings raise three overarching issues, each of which is dispositive. The first is whether Movant's claim is procedurally defaulted; the second is whether *Rehaif* is retroactive; and the third

5

is whether the Government failed to establish Movant's knowledge of his immigration status at the time he possessed a firearm. The Court will address each issue in turn.

### a. Procedural default

Before the Court addresses the merits of Movant's claim, it must first consider any issues of procedural default. *See Doorbal v. Dep't of Corr.*, 572 F.3d 1222, 1228 (11th Cir.2009). Under the procedural default rule, a defendant generally must challenge a criminal sentence or conviction on direct appeal, or he is barred from presenting that claim in a § 2255 proceeding. *Lynn*, 365 F.3d at 1234; *Massaro*, 538 U.S. at 504. In a procedural default case, courts look to whether a claim was available at the time of direct appeal, not whether newly decided cases have made a claim easier to argue. *See Lynn*, 365 F.3d at 1235.

The Government argues that Movant procedurally defaulted his claim because he did not advance a knowledge-of-status objection at the trial court or on direct appeal. ECF No. [11] at 3. The Court agrees. Movant may overcome a procedural default arising from a claim that could have been, but was not raised on direct appeal, by demonstrating: (1) cause for failing to raise the claim *and* prejudice resulting therefrom; or (2) that a miscarriage of justice excuses the procedural default because the movant is actually innocent. *See McKay,* 657 F.3d at 1196 (emphasis added). Movant makes neither showing.

Regarding the first exception, to show cause for a procedural default, Movant must prove that an external, objective factor unattributable to Movant's own conduct prevented him from raising his claim on direct appeal. *Lynn*, 365 F.3d at 1235. The Supreme Court has held that futility of raising a particular claim does not constitute cause to excuse a defendant's procedural default. *Bousley*, 523 U.S. at 623. However, the Court has established that a claim that is "so novel that its legal basis is not reasonably available to counsel" may constitute cause. *Id.* at 622. The

Government contends there is no cause here because the issue presented in *Rehaif* has been repeatedly litigated over the past thirty years and, as a result, the novelty exception is not applicable. ECF No. [11] at 3.

After Movant's conviction, the Supreme Court in *Rehaif* clarified that knowledge of one's status as an individual barred from possessing a firearm is necessary to convict a defendant. However, the record reflects that Movant was keenly aware of his immigration status at the time of his conviction. Indeed, as to Count 3, the Government was required to prove (among two other elements) that Movant was illegally or unlawfully in the United States beyond a reasonable doubt. CR ECF No. [30] at 15. Movant admitted to these facts in his factual proffer. CR ECF No. [20] at 4. Additionally, during Movant's plea colloquy, he did not raise an objection that his knowledge of his immigration status was not charged or proven. *See* CR ECF No. [30]. Therefore, Movant cannot now demonstrate that he was prevented from raising his instant claim on direct appeal.

Separately, prior to *Rehaif*, courts routinely examined issues involving a knowledge-of-status requirement. *See Rehaif*, 139 S. Ct. 2191 at 2199 (citing *United States v. Pruner*, 606 F.2d 871, 874 (9th Cir. 1979); *United States v. Renner*, 496 F.2d 922, 926 (1974); *United States v. Williams*, 588 F.2d 92 (1978)). As such, Movant's claim is not a new legal issue and does not fall under the novelty exception. *See Bousley*, 523 U.S. at 622. As such, Movant cannot establish "cause" for the procedural default.

In addition to the cause requirement, the first exception to the procedural default bar also requires a showing of prejudice from the asserted *Rehaif* error. *See McKay,* 657 F.3d at 1196 (11th Cir. 2011).[2] To assess prejudice when a defendant challenges his conviction, the Court must

---

[2] Because this exception is two-pronged and requires a showing of both cause and prejudice, the Government did not provide an analysis for prejudice in its Response because it concluded that

determine if there is a reasonable probability that, absent the errors, a factfinder would reasonably doubt a defendant's guilt. *Strickland v. Washington*, 466 U.S. 668, 695 (1984). The facts presented in Movant's factual proffer and plea colloquy clearly establish that Movant was aware of his status at the time he possessed the firearms. *See* CR ECF No. [20]; CR ECF No. [30]. As such, there would not have been a basis to reasonably doubt Movant's guilt and, as such, Movant cannot establish prejudice for the procedural default. Accordingly, because Movant cannot establish cause and prejudice, he cannot overcome the procedural default that arose from not appealing his claim.

Regarding the second exception to the procedural default bar, actual innocence, Movant must show that it is "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Actual innocence does not mean legal insufficiency, but rather factual innocence. *Bousley*, 523 U.S. at 615. Movant cannot satisfy this standard because the record reflects evidence sufficient to prove beyond a reasonable doubt that he knew that he was unlawfully present in the United States at the time he possessed the firearms and ammunition.

As admitted by Movant in his factual proffer, he is a native and citizen of Jamaica. CR ECF No. [20] at 1. Although Movant is currently in the United States, he never obtained a visitor's visa and immigration records do not show that Movant legally entered the United States or that he has any lawful status here. *Id.* In 2017, Movant applied for a Florida state driver license using the birth certificate of an individual residing in Illinois as proof of his own United States citizenship. *Id.* at 1-2. Additionally, Movant appeared before the Court on April 17, 2019, for his change of plea hearing and pleaded guilty to Count 3 of his indictment which charged him with "possession

---

there was no showing of cause. *See* ECF No. [11]. Although the Court agrees there is no established cause, it is nonetheless appropriate to provide an analysis regarding prejudice.

8

of firearm and ammunition *by an illegal alien*." Id at 7 (emphasis added). Further, Movant stated to the Court that he did not have any questions regarding possible defenses for the elements of Count 3—the second being "that the Defendant was illegally or unlawfully in the United States." *Id.* at 15, 17. Based on the record, not only was Movant aware of his unlawful status at the time he possessed the firearms and ammunition, he expressly admitted to this fact. As such, the actual innocence exception is unavailable to him. Movant cannot overcome the procedural default on his claim, and the Motion can be denied on this basis alone.

    **b.**  ***Rehaif* is not retroactive**

Even if Movant's claim was not procedurally defaulted, relief based on the Supreme Court's decision in *Rehaif* would not be available to him. The Government incorrectly represents that *Rehaif* may be applied retroactively. ECF No. [11] at 3. However, the United States Court of Appeals for the Eleventh Circuit has previously held that *Rehaif* does not apply retroactively to cases on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *In re Wright*, 924 F.3d 1064, 1064-65 (11th Cir. 2019); *see also Durham v. United States*, No. 13-CR-60270, 2019 WL 5653858, at *8 (S.D. Fla. Oct. 9, 2019). In *In re Palacios*, the court determined that *Rehaif* did not announce a new rule of constitutional law, but rather clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2). 931 F.3d at 1315. The court further stated that even if *Rehaif* had announced a new rule of constitutional law, the Supreme Court did not make the decision retroactive to cases on collateral review. *Id*. As a result, Movant's argument that *Rehaif* should be applied retroactively is without merit, and dismissal is proper on this independent basis.

    **c.**  **The record establishes that Movant knew his unlawful status**

Even if Movant's claim was not procedurally defaulted and even if *Rehaif* was retroactively applicable, as noted, Movant's claim that the Government failed to charge and prove all the

9

elements of his underlying offense beyond a reasonable doubt is unsupported. As to Count 3, the Government was required to prove the following elements beyond a reasonable doubt:

1) Movant was an alien at the time stated in the Indictment;

2) Movant was illegally or unlawfully in the United States; and

3) Movant knowingly possessed a firearm or ammunition, either of which was in or affected interstate or foreign commerce.

CR ECF No. [30] at 15. Movant challenges that an element of his offense, that he was illegally or unlawfully in the United States ("Element 2"), was not charged and proven beyond a reasonable doubt. ECF No. [7] at 5. The record squarely establishes otherwise.

As previously established, Movant, a native and citizen of Jamaica, applied for a visitor's visa to travel to the United States in 2008, but the visa application was denied. CR ECF No. [20] at 1. He is presently in the United States despite no immigration records showing that Movant legally entered the United States or that he has lawful status here. *Id.* Movant applied for and obtained a driver license and social security card using the identity of another individual—a United States citizen residing in Illinois. *Id.*

Movant appeared before the Court on April 17, 2019, for his change of plea hearing where he confirmed the above-stated facts under oath. CR ECF No. [30] at 18-22. There, Movant confirmed that he reviewed documents with his attorneys from the DAVID database which indicated that Movant did receive a driver license by presenting the birth certificate of another individual at the time of the application. *Id.* at 16. Movant and his attorneys also agreed that the facts presented during the change of plea hearing proved beyond a reasonable doubt that Movant, "an alien who was illegally and unlawfully within the United States," knowingly possessed firearms and ammunition in violation of U.S.C. 18 § 922(g)(5)(A). *Id.* at 22.

Movant pleaded guilty to Count 3 of his indictment which charged him with "possession of firearm and ammunition *by an illegal alien*." *Id.* at 7 (emphasis added). Movant asserted that he completely read and understood the plea agreement. *Id.* at 24. When the Court listed the three elements necessary to prove Count 3—Element 2 stating that Movant "was illegally or unlawfully in the United States"—Movant affirmed that he had a full discussion with his attorneys relating to each of the elements of his offenses, as well as a full review of all the discovery and information the Government provided in support of those elements, and stated that he did not have any questions with regards to the elements nor did he have any possible defenses. *Id.* at 15-17.

Based on the record, *Rehaif* does not provide Movant with a viable ground for challenging his conviction or sentence. The Motion is procedurally defaulted, substantively without merit, and ultimately foreclosed by binding precedent that precludes *Rehaif* from being applied retroactively. Therefore, Movant is not entitled to relief.

### D.  Certificate of appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id. "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's constitutional claims on the merits, "a petitioner must show that reasonable

jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). By contrast, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Movant has failed to make a substantial showing of the denial of a constitutional right and the Court denies a certificate of appealability.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [7]**, is **DENIED**.
2. No certificate of appealability shall issue;
3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**; and
4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 28, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 19-cv-62904-BLOOM/Reid

Copies furnished to:

Counsel of record

Arnold Michael Gayle
19703-104
Bennettsville
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 52020
Bennettsville, SC 29512